UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

VINCENZO SISTO,  No. 09-11203

Debtor(s).
_____/

Memorandum on Objection to Claim of Exemption
_____

Debtor Vincenzo Sisto filed his Chapter 7 petition on April 30, 2009, scheduling and claiming exempt a bank account at Bank of America containing $7,783.15. The schedules were not correct. Shortly before he filed the petition, Sisto switched the bank account to Wells Fargo because Bank of America was a creditor and Sisto feared it might seize the funds. When the Wells Fargo account came to light, Sisto amended his schedules to reflect the proper account and amended his claim of exemptions to exempt the funds in the account. The Chapter 7 trustee objects, arguing that the exemption cannot be allowed because Sisto actively concealed the Wells Fargo account.

The court declines to find the sort of bad faith necessary to defeat a claim of exemption because while the Wells Fargo account was not disclosed the *funds* were disclosed. Had the proper account never come to light, Sisto's bankruptcy estate would not have been prejudiced. Sisto had enough exemption allowances available to exempt all the funds no matter which bank they were in. Nor does

1

the court find the failure to schedule the proper account was intentional.[1]  Accordingly, the court declines to bar Sisto from claiming the funds exempt.

The trustee raises as additional grounds for objection that the funds were transferred with intent to hinder Bank of America and that there was more than the scheduled amount in the account.  As to the latter, only the scheduled amount is exempt; any excess belongs to the estate.  The court declines to find bad faith because it appears that even the larger amount would be subject to exemption.

While Sisto's motives for transferring the funds raises the possibility of an objection to his discharge, the court is not certain that a transfer made over vague concerns of setoff rights is the same thing as a transfer made to hinder a creditor actively seeking to collect a debt.  In any event, that is another issue for another day and the court declines to sustain an objection to an exemption based on the possibility that a discharge may be denied.

For the foregoing reasons, the objection will be overrule and the claim of exemption allowed. Counsel for Sisto shall submit an appropriate form of order.

Dated: July 17, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] Pursuant to FRBP 4003(c), the trustee bears the burden of proof.  He declined the opportunity to cross-examine Sisto, who blames health problems, imminent foreclosure of his home and confusion for his failure to identify the proper bank.

2